IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action |
| | ) | No. 1:04-CR-407 (TWT) |
| CHRISTOPHER TERRY | ) | |
| _____ | ) | |

## MOTION FOR "GAG ORDER"
## TO PROTECT MR. TERRY'S SAFETY

COMES NOW Defendant, CHRISTOPHER TERRY, by and through undersigned counsel, and files this Motion, asking that the Court enter a "gag order" concerning publicity in this case.

Mr. Terry entered a plea of guilty to a two count indictment charging him with: (1) use of a computer to entice a child, in violation of 18 U.S.C. § 2422(b), and (2) possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(1).

Counsel for Mr. Terry has been informed that it is now the practice of the United States Attorney's office to issue a press release after the conviction and/or sentencing of every defendant charged with violations of Chapter 110 of Title 18.

The issuance of such a press release would place Mr. Terry in physical danger from other inmates at the South Fulton Regional Jail where he is being housed. Counsel is aware of at least one prior incident in which a press release, issued after a plea in an enticement case, resulted in the physical assault of the defendant, David Scott. Mr. Scott was charged in case number 1:04-CR-262-CAP.

Mr. Scott was assaulted on the evening he entered his plea of guilty, December 6, 2004. Today, he remains in solitary confinement at South Fulton Regional Jail for his own protection.

The consequences of the press releases issued by the government are very real. Mr. Terry will have to choose between risking physical danger and being locked down in solitary confinement.

Courts have an affirmative constitutional duty to restrict the First Amendment rights of the parties to a criminal case in order to minimize the effects of prejudicial publicity. Gannett v. DePasquale, 443 U.S. 368, 378 (1979). To enforce this duty, the Judges of this District have enacted Local Criminal Rule 57.4. This Rule is aimed "...at securing the right to a fair trial by an impartial jury and avoiding conduct that imposes unnecessary costs on the judicial system." In re Morrissey, 138 F.3d 134, at 140 (4th Cir. 1999)(upholding same rule found in Eastern District of Virginia).

Surely, if the court has the power to limit free speech to ensure a fair trial, it has the authority to limit free speech to protect the physical safety of the accused. See e.g., Roviaro v. United States, 353 U.S. 53, 59-62 (1957) (allowing government to withhold informant identity for safety reasons); Smith v. Illinois, 390 U.S. 129, 131 (1968) (permitting government to withhold witness addresses).

Based on the foregoing, Defendant asks that this Court enter an Order precluding any statements which would reveal the nature of the charges against Mr. Terry.

DATED: This 28th day of March, 2005.

Respectfully submitted,


s/NICOLE KAPLAN,Esq.
STATE BAR NO. 382495
ATTORNEY FOR CHRISTOPHER TERRY

Federal Defender Program, Inc.
Suite 1700, The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303
(404) 688-7530
Email: nicole_kaplan@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 28th, 2005, I electronically filed the Motion Requesting "Gag Order" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

>Aaron Danzig, Esq.
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, Georgia 30303

Dated: This 28th day of March, 2005.

>s/NICOLE KAPLAN, Esq.
>STATE BAR NO. 382495
>ATTORNEY FOR CHRISTOPHER TERRY

Federal Defender Program, Inc.
Suite 1700, The Equitable Building
100 Peachtree Street
Atlanta, Georgia 30303
(404) 688-7530
Email: nicole_kaplan@fd.org